UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,          :
                                    :
                                    :  21 Cr. 64 (PAC)
                                    :
        - v -                       :  **ORDER**
                                    :
SADICK EDUSEI KISSI,                :
                                    :
                    *Defendant.*    :
------------------------------------x

This Order summarizes the Court's rulings on several pretrial matters announced at the final pretrial conference held on May 18, 2022.

1.  The Court **GRANTS IN PART** Kissi's First Motion *in Limine* (*see* Def.'s Mem. at Part I, ECF No. 46) to limit the scope of the Government's Evidence to sixteen victims of romance scams and two co-conspirators, and to exclude evidence and argument regarding enterprise members, victims, and schemes unrelated to Mr. Kissi. Although the Court declines, at this stage, to grant the specific relief Kissi seeks, it agrees that evidence and arguments that are indeed unrelated in any way to Mr. Kissi should be excluded under Rule 403. The Court will set a deadline—Friday, May 20 at noon ET—for the parties to stipulate which evidence is relevant to the defendant's conduct, knowledge, or intent, or to the existence and scope of the conspiracy in which he joined, or to other facts probative of Kissi's guilt or innocence. After that deadline, the Government will be required to seek the Court's permission, outside of the jury's presence, before it presents any additional evidence.

2.  The Court **DENIES WITHOUT PREJUDICE** Kissi's Second Motion *in Limine* (*see* Def.'s Mem. at Part II) to strike paragraphs 1 and 2 of the Indictment. The motion may be renewed in the event no evidence is produced at trial linking Kissi to the alleged Enterprise's "business email" scams.

3. The Court **DENIES** Kissi's Third Motion *in Limine* (*see* Def.'s Mem. at Part III.A) to exclude certain communications about transfers. Communications demonstrating how Kissi allegedly transferred money have significant probative value to facts that are directly at issue, and are not unfairly prejudicial.

4. The Court **DENIES** Kissi's Fourth Motion *in Limine* (*see* Def.'s Mem. at Part III.B) to exclude communications concerning a press release and news article related to the Enterprise. These communications are probative of Kissi's state of mind, including his knowledge of the origins of the money he allegedly transacted. Further, the press release and news article are not hearsay because they are not being offered for their truth, but rather as evidence probative of Kissi's state of mind. To the extent there is any risk of prejudice, that risk may be addressed in a limiting instruction. To that end, the parties are directed to submit proposed limiting instructions concerning this evidence.

5. The Court **RESERVES JUDGMENT** as to Kissi's Fifth Motion *in Limine* (*see* Def.'s Mem. at Part III.C) to exclude certain audio messages. The Court will set a deadline—Friday, May 20 at noon ET—for the Government to identify and produce relevant audio messages and translations, and to allow Kissi the opportunity to review these materials before trial. The parties are directed to explore stipulating to translations.

6. The Court **DENIES** Kissi's Sixth Motion *in Limine* (*see* Def.'s Mem. at Part IV) to exclude screenshots of communications involving "Armando." Communications demonstrating how Kissi allegedly orchestrated, instructed, and received instruction regarding the transfer of fraud proceeds have significant probative value to facts that are directly at issue, and are not unfairly prejudicial.

7. The Court **RESERVES JUDGMENT** as to Kissi's Seventh Motion *in Limine* (*see*

Def.'s Mem. at Part V) to exclude communications between CC-1 or Lari and people other than Kissi, pending the Government laying a foundation at trial that these declarants were Kissi's co-conspirators and these statements were made in furtherance of the conspiracy.

8. The Court **RESERVES JUDGMENT** as to Kissi's Eighth Motion *in Limine* (*see* Def.'s Mem. at Part VI) to exclude information related to Kissi's immigration status and potential deportation. The Court will set a deadline—Friday, May 20 at noon ET—for the parties to meet and confer to explore stipulating to employment history, and to discuss redacting references to Kissi's immigration status and any potential deportation or other immigration consequences.

9. The Court **DENIES IN PART** and **RESERVES JUDGMENT IN PART** as to Kissi's Ninth Motion *in Limine* (*see* Def.'s Mem. at Part VII)[1] to exclude statements from Kissi's proffer session, or to examine before trial any Government witnesses who will testify regarding these proffer statements. Pursuant to the terms of the proffer agreement, which is enforceable, the Court will admit proffer statements that rebut—that is, "fairly counter[] and cast[] doubt upon"—evidence or arguments offered by Kissi at trial. *See United States v. Lyle*, 919 F.3d 716, 733 (2d Cir. 2019) (quoting *United States v. Barrow*, 400 F.3d 109, 120–21 (2d Cir. 2005)). The Court reserves judgment as to whether any particular proffer statement qualifies as a rebuttal statement until Kissi has first put forward at trial the purportedly rebuttable evidence and arguments.

Kissi's request to examine Government witnesses pre-trial is denied.

Dated: New York, New York  
May 18, 2022

SO ORDERED

HONORABLE PAUL A. CROTTY  
United States District Judge

---

[1] This also resolves the Government's corresponding (and only) Motion *in Limine*. (*See* ECF No. 45.)