

# Milbank

**ANTONIA M. APPS**
*Partner*
55 Hudson Yards | New York, NY 10001-2163
T: +1 (212) 530-5357
aapps@milbank.com | milbank.com

May 23, 2022

> The request is denied. The evidence at issue is relevant to Mr. Kissi's state of mind, and was produced in compliance with the Court's orders in this matter. SO ORDERED.
>
> *[signature]*
>
> 5/25/22
> Honorable Paul A. Crotty

**VIA ECF**

The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl St., Courtroom 14C
New York, New York 10007-1312

Re:   *United States v. Kissi*, No. 21 Cr. 64 (PAC)

Dear Judge Crotty:

On behalf of defendant Sadick Kissi, we write regarding the government's recent and belated production of more than one hundred pages of Mr. Kissi's tax records spanning over a seven-year period. The records should be excluded.

The Court was clear at the final pretrial conference that the government must stop identifying new evidence in the days before trial. The same should hold true with respect to the recently produced tax records, which are voluminous. The government unnecessarily delayed in obtaining these records. Despite having charged this case in February 2021 and having IRS agents as part of the prosecution team, the government chose not to seek a tax order until April 11, 2022. The government does not appear to have served that order until April 22. The IRS's response to the order is dated April 25, but we understand that the government did not receive the materials until May 17, and then produced them the same day. There is no justification for the delay in seeking and obtaining these materials from the IRS. The defense also is left with virtually no time to assess these records, which are extensive, and must review them in addition to voluminous 3500 material and ongoing Rule 16 productions of, among other things, business and victim records.

Regardless, the government has not identified any basis upon which to introduce these records. In a similar case that proceeded to trial, the government filed a motion *in limine* well in advance of trial to address the tax records, the defense responded, and the Court ruled on the issue at the final pretrial conference. *See United States v. Freeman*, 21 Cr. 88 (JSR) (Mar. 16, 2022), Dkt. 79 (government's motion *in limine*, which was filed two weeks before trial). The government has failed to do so here and, instead, apparently intends to introduce them without identifying their relevance to the specific issues in this case. Thus, to the extent the Court is considering allowing

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | BEIJING | HONG KONG | SEOUL | SINGAPORE | TOKYO

The Honorable Paul A. Crotty
May 23, 2022                                                                                                    Page 2

the government to introduce these records—which the Court should not given its instructions at the final pretrial conference and the belated production of these materials—the government should file an appropriate motion explaining why they are admissible, and the defense should be given an opportunity to respond.

Respectfully Submitted,

*[signature]*

Antonia M. Apps

cc:   Katherine Reilly
      Mitzi S. Steiner
      Assistant U.S. Attorneys